■ FLOYD MALONEY, Respondent, v. SPRINGFIELD DEVELOPMENT CO., INC., Appellant.— Order, entered on June 28, 1963, denying defendant's motion to dismiss personal injury negligence action for failure to prosecute, unanimously reversed, on the law, the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. The accident occurred March 12, 1960. Action was begun July 5, 1960 and issue was joined September 28, 1960. For a period of 31 months after the joinder of issue nothing was done to place the case on the calendar. Plaintiff seeks recovery of $75,000 for a fractured arm sustained in a fall on a private walk covered with unremoved ice and snow. The alleged excuse for the delay is that the attorney of record had another job. After 14 months had elapsed he referred the case to trial counsel and assumed that they had put the case on the calendar. Trial counsel inadvertently failed to do so and the case was inactive for 17 more months. After the motion was made, returnable May 22, 1963, a note of issue was filed to place the case on the calendar. The alleged excuses for the delay are insufficient and the merits of the case extremely dubious (see *Sortino* v. *Fisher*, 20 A D 2d 25). Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.